**NOT FOR PUBLICATION**

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA, | Crim. No. 15-622(SDW) |
| v. | **OPINION** |
| JUDY TULL and KAY ELLISON, | |
| Defendants. | March 1, 2018 |

**WIGENTON**, District Judge.

Before this Court are Defendants Judy Tull ("Tull") and Kay Ellison's ("Ellison") (collectively, "Defendants") Motion No. 2 to Dismiss the Indictment pursuant to Federal Rule of Criminal Procedure 12(b)(3)(B).[1]  For the reasons stated below, the Motion to Dismiss is **DENIED**.

## I.     BACKGROUND AND PROCEDURAL HISTORY

This Court assumes familiarity with the allegations and procedural history of this case and reviews only the facts relevant to the present motion.  On December 10, 2015, Tull and Ellison were indicted by the United States Attorney's Office for the District of New Jersey

---

[1] Because Tull seeks to join Ellison's motion, arguments made by Ellison also apply to Tull, unless otherwise noted. (*See* Dkt. No. 72, 74.)

After hearing oral argument, this Court denied Defendants' Motion No. 1 to Dismiss the Indictment for the reasons set forth on the record on February 23, 2018.

1

("Government") on charges of conspiracy, bank fraud, and wire fraud for their alleged roles in misappropriating funds paid by individuals to book flights on Southern Sky Air & Tours d/b/a "Myrtle Beach Direct Air & Tours" ("Direct Air"). (Dkt. No. 1.) The Government filed a Superseding Indictment on December 8, 2016. (Dkt. No. 44.) The eight-count Superseding Indictment specifically charges Defendants as follows:

    Count 1:    Conspiracy to Commit Wire Fraud and Bank Fraud in violation of 18 U.S.C. §1349

    Counts 2-5:    Wire Fraud in violation of 18 U.S.C. § 1343 and § 2

    Counts 6-8:    Bank Fraud in violation of 18 U.S.C. § 1344 and § 2.

On January 26, 2018, Defendants moved to dismiss the Superseding Indictment. (Dkt. Nos. 71, 72.) The Government timely filed its opposition on February 16, 2018. (Dkt. No. 75.) Defendants replied on February 21, 2018. (Dkt. Nos. 76, 77.) This Court held oral argument on the motion on February 23, 2018. (Dkt. No. 78.)

## II. LEGAL STANDARD

Federal Rule of Criminal Procedure 12(b)(3)(B) permits a defendant to move to dismiss for "a defect in the indictment" including a "lack of specificity" or "failure to state an offense." FED. R. CRIM. P. 12(b)(3)(B); *see also United States v. Delle Donna*, 552 F. Supp. 2d 475, 482 (D.N.J. 2008) (noting that a defendant may "move to dismiss an indictment at any time for failure to state an offense"). An indictment must contain a "'plain, concise, and written statement of the essential facts constituting the offense charged' and include the statute(s) that the defendant(s) are alleged to have violated." *Della Donna*, 552 F. Supp. at 482 (quoting FED. R. CRIM. P. 7(c)(1)). "[A]n indictment is sufficient if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead

an acquittal or a conviction in bar of future prosecutions for the same offense." *Hamling v. United States*, 418 U.S. 87, 117 (1974); *see also United States v. Kemp*, 500 F.3d 257, 280 (3d Cir. 2007). "[N]o greater specificity than the statutory language is required so long as there is sufficient factual orientation to permit the defendant to prepare his defense and to invoke double jeopardy in the event of a subsequent prosecution." *United States v. Rankin*, 870 F.2d 109, 112 (3d Cir. 1989).

When reviewing a motion to dismiss pursuant to Rule 12(b)(3)(B), a trial court may only consider the allegations contained in the charging document, because "the indictment must be tested by its sufficiency to charge an offense" not by whether the "charges have been established by the evidence." *United States v. Sampson*, 371 U.S. 75, 78-79 (1962). An indictment "fails to state an offense if the specific facts alleged in the charging document fall beyond the scope of the relevant criminal statute, as a matter of statutory interpretation." *United States v. Panarella*, 277 F.3d 678, 685 (3d Cir. 2002), *abrogated on other grounds by Skilling v. United States*, 561 U.S. 358 (2010). "In evaluating a Rule 12 motion to dismiss, a district court must accept as true the factual allegations set forth in the indictment." *United States v. Huet*, 665 F.3d 588, 595 (3d Cir. 2012); *United States v. Besmajian*, 910 F.2d 1153, 1154 (3d Cir. 1990).

### III. DISCUSSION

Before turning to the specific counts of the Superseding Indictment, this Court first addresses Defendants' argument that the Superseding Indictment is defective as to all counts because "the monies in the depository accounts of Valley National Bank relevant to this matter" at all times belonged to Direct Air and were never "owned by and in the custody and control of" Valley National Bank ("VNB"). (Dkt. Nos. 71 at 1; 73 at 2-3.) Therefore, Defendants conclude that they could never have wrongfully obtained those funds, because the funds at all times belonged to them as owners and officers of Direct Air and "it is not a crime for a company or an individual

3

to access, use, or withdraw monies belonging to that company or individual as said monies are the lawful property of the company or individual . . ..." (Dkt. No. 71 at 1.)

In support of their position, Defendants cite to a recent opinion in a civil matter issued in this District, *Merrick Bank Corp. v. Valley Nat'l Bank*, Civ. No. 14-7827(MCA), 2017 WL 5951583 (D.N.J. Nov. 30, 2017), which addressed cross-motions for summary judgment regarding the liability amongst banks and credit card companies that reimbursed Direct Air customers who lost money for flights due to Direct Air's closure. The *Merrick* decision found that, for purposes of determining whether VNB owed a fiduciary duty to plaintiff banks and credit card companies, VNB was never in privity with plaintiffs. *Id.* at *5. Based on this finding, Defendants assert that "the monies contained in the [VNB] depository accounts could not have been "owned by and in the custody and control of" VNB, and that the *Merrick* court's ruling on that issue "is binding on this Court in this criminal prosecution." (Dkt. Nos. 73 at 3; 76 at 9.) Defendants cite to no legal support for such a position, nor has this Court found any. A civil decision by a fellow district court judge addressing the legal relationships between third-parties not named in the instant criminal prosecution does not bind this court in this criminal matter.

Furthermore, the ownership of funds in a bank account and/or the nature of the bank account itself, is a question of fact for the jury. As part of their defense, Defendants are free to argue that the monies held by VNB belonged to Direct Air in order to disprove the Government's allegations, but that argument fails to invalidate the Superseding Indictment at this time.

**A. Count One**

Count One of the Superseding Indictment alleges that Defendants conspired to commit wire fraud and bank fraud in violation 18 U.S.C. § 1349. Section 1349 provides that "[a]ny person who attempts or conspires to commit any offense under this chapter, shall be subject to the same

4

penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy." 18 U.S.C. § 1349.  To prove the existence of a conspiracy, the government must show: "(1) a shared unity of purpose; (2) an intent to achieve a common illegal goal; and (3) an agreement to work toward that goal." *Coleman v. Johnson*, 132 S. Ct. 2060, 2065 (2012); *see also U.S. v. Graham*, 639 Fed. Appx. 152, 153 (3d Cir. 2016); *U.S. v. Obaygbona*, 556 Fed. Appx. 161, 163-64 (3d Cir. 2014) (noting that § 1349 "does not expressly require an overt act requirement").

The Superseding Indictment alleges that Defendants "did knowingly and intentionally conspire and agree with each other" and others to commit wire fraud and bank fraud.  (Superseding Indictment at 6 ¶ 2.)  The Superseding Indictment identifies the purpose of the conspiracy ("to obtain money"), the intent to achieve a common illegal goal (*inter alia* making false representations as to how monies paid for charter flights would be maintained and subsequently using fraudulent means to obtain those monies), and an agreement to work toward that goal (as evidenced by plaintiff's working together to submit fraudulent bank requests, to create fictitious flight reservations, and to cover up their fraud).  (*Id* 6-10.)  This language tracks the statutory requirements and provides "sufficient factual orientation to permit the defendant to prepare his defense and to invoke double jeopardy in the event of a subsequent prosecution."  *Rankin*, 870 F.2d at 112.  As such, Defendants' motion to dismiss Count One is denied.

### B. Counts Two – Five

Counts Two through Five of the Superseding Indictment allege that Defendants committed wire fraud in violation of 18 U.S.C. § 1343 and § 2.  The substantive crime of wire fraud is defined in relevant part as:

> Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, transmits or causes to be transmitted by means of wire, radio, or television

> communication in interstate or foreign commerce, any writings, signs, signals, pictures, or sounds for the purpose of executing such scheme or artifice, shall be fined under this title or imprisoned not more than 20 years, or both.

18 U.S.C. § 1343.

The elements of wire fraud are, therefore, "(1) a scheme or artifice to defraud for the purpose of obtaining money or property, (2) participation by the defendant with specific intent to defraud, and (3) use of the mails or wire transmissions in furtherance of the scheme." *Nat'l Sec. Sys. v. Iola*, 700 F.3d 65, 105 (3d Cir. 2012); *see also United States v. Riley*, 621 F.3d 312, 329 (3d Cir. 2010); *United States v. Al Hedaithy*, 392 F.3d 580, 590 (3d Cir. 2004) (discussing the elements of mail fraud under 18 U.S.C. § 1341);[2] 3RD CIR. MODEL CRIM. JURY INSTR. § 6.18.1343. The Model Criminal Jury Instructions for the Third Circuit adds a fourth element, that the scheme affect a financial institution, which includes FDIC-insured banks and bank holding companies. *See* MOD. CRIM. JURY INSTR. 3RD CIR. § 6.18.1343; *and* 18 U.S.C. § 20(1), (6).

At this juncture, this Court is limited to reviewing the sufficiency of the allegations contained in the Superseding Indictment, which charge that Defendants "knowingly and intentionally devised and intending to devise a scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, which scheme and artifice would affect financial institutions, and for the purpose of executing such scheme and artifice, knowingly and intentionally transmitted and caused to be transmitted by means of wire communications in interstate and foreign commerce" four separate fraudulent bank release requests. (Superseding Indictment at 11-12 ¶ 2.) These charges track the statutory language and provide ample information to put Defendants on notice of the charges against them

---

[2] Cases construing the elements of mail fraud are equally applicable to wire fraud cases. *See Al Hedaithy*, 392 F.3d at 590 (establishing the elements to "prove mail or wire fraud"); *United States v. Giovengo*, 637 F.2d 941 (3d Cir. 1980).

and to protect them from double jeopardy in future prosecutions. Therefore, the Indictment adequately alleges violations of 18 U.S.C. § 1343 and § 2. Defendants' motion to dismiss Counts Two, Three, Four, and Five is denied.

### C. Counts Six – Eight

Counts Six through Eight of the Superseding Indictment allege that Defendants committed bank fraud in violation of 18 U.S.C. § 1344 and § 2. Section 1344 provides that:

> Whoever knowingly executes, or attempts to execute, a scheme or artifice-
> (1) to defraud a financial institution; or
> (2) to obtain any of the moneys, funds, credits, assets, securities, or other property owned by, or under the custody or control of, a financial institution, by means of false or fraudulent pretenses, representations, or promises;
> shall be fined not more than $1,000,000 or imprisoned not more than 30 years, or both.

18 U.S.C.A. § 1344.

The elements of bank fraud, are, therefore, "a scheme or artifice, (1) to defraud a financial institution *or* (2) to obtain money from it by false or fraudulent means." *Liberty Bell Bank v. Rogers*, 2018 WL 834197, at *2 (3d Cir. Feb. 13, 2018). "The first subsection requires a showing of intent, while the second does not." *Id.* (citing *Loughrin v. United States*, 134 S. Ct. 2384, 2389-90 (2014)). The Superseding Indictment alleges that Defendants "did knowingly execute and attempt to execute a scheme and artifice to defraud financial institutions, and to obtain moneys, funds, credits, assets, securities and other property owned by, and under the custody and control of, those financial institutions by means of materially false and fraudulent pretenses, representations, and promises, namely, by submitting and causing to be submitted" three separate fraudulent bank release requests. (Superseding Indictment at 13 ¶ 2.) Once again, the Superseding Indictment contains the elements of the offense charged, fairly informs Defendants of the charges against them and provides a basis upon which Defendants may protect against double jeopardy.

That is all that is required at this stage of the proceedings. Therefore, Defendants' motion to dismiss Counts Six, Seven, and Eight is denied.[3]

## IV. CONCLUSION

For the reasons set forth above, Defendants' Motion No. 2 to Dismiss the Indictment is **DENIED**. An appropriate order follows.

                                                              /s/ Susan D. Wigenton

                                                          SUSAN D. WIGENTON, U.S.D.J

Orig:       Clerk
cc:         Parties

---

[3] Given the numerous *in limine* filings over the past year, the parties are instructed to meet and confer regarding any remaining pre-trial issues that require this Court's attention and to submit a joint letter on ECF no later than Tuesday, March 6, 2018 at 4 p.m. that identifies those issues and the parties' respective positions. Issues not raised will be deemed resolved.