NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHAMBERS OF<br>**SUSAN D. WIGENTON**<br>UNITED STATES DISTRICT JUDGE | MARTIN LUTHER KING COURTHOUSE<br>50 WALNUT ST.<br>NEWARK, NJ 07101<br>973-645-5903 |

December 21, 2021

Judy Tull
Register No. 69452-050
FMC Carswell
P.O. Box 27137
Fort Worth, TX 76127
*Pro se Defendant*

Joseph S. Beemsterboer, Esq.
Cory E. Jacobs, Esq.
Michael T. O'Neill, Esq.
United States Department of Justice
Criminal Division, Fraud Section
1400 New York Avenue, N.W.
Washington, D.C. 20005
*Counsel for the United States of America*

### LETTER OPINION FILED WITH THE CLERK OF THE COURT

Re:   *United States v. Judy Tull*
       **Criminal Action No. 15-622 (SDW)**

Litigants:

Before this Court is *pro se* Defendant Judy Tull's ("Defendant") Second Motion for Compassionate Release under the First Step Act, 18 U.S.C. § 3582(c)(1)(A)(i). This Court having considered the parties' submissions, and for the reasons discussed below, denies Defendant's motion.

**DISCUSSION**

A.

Although a district court generally has limited authority to modify a federally-imposed sentence once it commences, *see United States v. Epstein*, Crim. No. 14-287, 2020 WL 1808616, at *2 (D.N.J. Apr. 9, 2020); *Dillon v. United States*, 560 U.S. 817, 825 (2010), the recently-enacted First Step Act ("FSA"), 18 U.S.C. § 3582(c)(1)(A)(i), permits district courts to grant compassionate release where there exist "extraordinary and compelling reasons" to reduce a sentence. The statute provides, in relevant part, that

>  (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>> (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1). As such, under the FSA, "a defendant seeking a reduction in [her] term of imprisonment bears the burden of establishing both that [she] has satisfied (1) the procedural prerequisites for judicial review, and (2) that compelling and extraordinary reasons exist to justify compassionate release." *Epstein*, 2020 WL 1808616, at *2.

First, "a defendant seeking a reduced sentence must ask the [Bureau of Prisons ("BOP")] to do so on his or her behalf," and either "wait thirty days for the BOP to respond" or "exhaust all available administrative appeals after receiving an adverse decision." *United States v. McDonald*, Crim. No. 09-556, 2020 WL 3638280, at *3 (D.N.J. July 2, 2020) (citing *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020)).

Second, a court may reduce an inmate's sentence pursuant to 18 U.S.C. § 3582(c)(1)(A) "if the court finds that (1) extraordinary and compelling reasons warrant a reduction, (2) the reduction would be consistent with applicable policy statements issued by the Sentencing Commission, and (3) the applicable sentencing factors under § 3553(a) warrant a reduction." *United States v. Sparrow*, Crim. No. 18-653, 2020 WL 4364328, at *2 (D.N.J. July 30, 2020) (citation omitted). The Sentencing Commission's relevant policy statement identifies medical conditions that meet the "extraordinary and compelling" requirement as those where the defendant is (i) suffering from a terminal illness, or (ii) suffering from a serious physical or medical condition, serious functional or cognitive impairment, or deteriorating physical or mental health because of the aging process, "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13, cmt. n.1(A).

B.

On March 28, 2018, Defendant was convicted of eight counts of wire fraud, mail fraud, and conspiracy in violation of 18 U.S.C. §§ 2, 1349, 1343, and 1344. On January 11, 2019, this Court sentenced Defendant to 94 months imprisonment, five years of supervised release, and $19,550,000.00 in restitution. (D.E. 103, 147, 148.) Defendant began serving her sentence at Federal Medical Center Carswell ("FMC Carswell") in Texas on February 15, 2019. (D.E. 164 Ex. A); *see also* Bureau of Prisons, https://www.bop.gov/locations/institutions/crw/ (last accessed Dec. 13, 2021).)

Defendant initially sought compassionate release in 2020 due to her concerns about the effect of the COVID-19 pandemic on her health. (*See* D.E. 164 at 4, 12–15.) This Court denied Defendant's motion on October 30, 2020, holding that she failed to establish "compelling and extraordinary reasons" to justify her release, and that the "applicable sentencing factors under 18 U.S.C. § 3553(a) weigh[ed] against her early release." (D.E. 171 ("October 2020 Letter Opinion") at 3–4.) Defendant filed an administrative relief request seeking compassionate release with the warden at FMC Carswell on May 21, 2021, citing hip problems, osteoporosis, history of stroke, oxygen-level problems, and inadequate treatment. (*See* D.E. 173 Ex. 1.) The warden denied that request on May 27, 2021. (*See id*.) Defendant filed the instant motion for compassionate release on August 17, 2021, arguing that such relief is necessary due to "osteoporosis, severe breathing problems[,] and history of strokes." (D.E. 173 at 2.) The Government opposed Defendant's motion, arguing that "nothing has changed materially since the Court denied the defendant's first application for compassionate release just over one year ago." (D.E. 177 at 1.) Because more than 30 days have passed since Defendant filed her administrative request, her motion is ripe for review.

C.

Defendant, a 76-year-old woman, has numerous medical ailments that began prior to her incarceration and continue at present. (D.E. 173 at 2–8, 16–17.) Defendant notes she has pain, shortness of breath, and worsening osteoporosis. (D.E. 173 at 16–17.) Defendant stresses that these ailments diminish her ability to care for herself while in custody. (*Id.*) Moreover, defendant contends she is not receiving adequate treatment for her various medical ailments. (*Id.* at 17.)

This Court is sympathetic to Defendant's medical concerns, but it will not grant her application because she has not established that "compelling and extraordinary reasons" justify her release. *See Epstein*, 2020 WL 1808616, at *2. Defendant is receiving treatment for her asthma, cerebrovascular disease, and hypertension at FMC Carswell, including appropriate medications and medical monitoring. (*See* D.E. 173 Ex. 2 (providing medical records that detail Defendant's medication regimen for her various conditions and demonstrate frequent and continuing medical care).) Additionally, despite Defendant's age and medical issues, her condition has not "substantially diminishe[d]" her ability "to provide self-care within the environment of a correctional facility." U.S.S.G. § 1B1.13, cmt. n.1(A); *see generally* D.E. 173 Ex. 2 (detailing frequent chronic care medical evaluations and noting that Defendant "has been stable" on her medications, "has been doing well on the current regimen," can self-administer various medications including asthma inhalers, has an ability to "stand, pivot & sit [without] signs of vertigo/loss of balance," can use a "walker effectively with normal gait speed," has "lung volumes within normal limits," and exhibited "normal sinus rhythm" and "developed no symptoms during [a] stress exam").) The BOP reviewed Defendant's medical status and concluded that Defendant is "able to complete self-care activities independently and [is] not confined to a bed or wheelchair more than 50% of waking hours." (D.E. 173 Ex. 1.)

Furthermore, Defendant's argument concerns the same ailments that she experienced when this Court imposed its sentence, (D.E. 157 ("Transcript of Sentencing") at 35–36), and when this Court considered her previous compassionate release request, (October 2020 Letter Opinion at 3–

3

4). This Court previously considered Defendant's ailments in light of the COVID-19 pandemic and found that compassionate release was not warranted. (October 2020 Letter Opinion at 3–5). Defendant has not presented evidence of significant changes to her condition that would prompt this Court to reconsider its previous analysis.[1]

Even if this Court were to find that Defendant's health conditions constituted an extraordinary and compelling reason for release, it would still deny her motion because the applicable sentencing factors under 18 U.S.C. § 3553(a) weigh against her early release. If released now, Defendant will have served just over a third of her 94-month sentence for crimes that involved the fraudulent misuse of over $19,000,000.00. Such a sentence would not "reflect the seriousness [of the offense]," promote respect for the law, provide appropriate punishment for the offense, or protect the public by deterring others from similar future conduct. *See* 18 U.S.C. §§ 3553(a)(2)(A); *see also* Transcript of Sentencing at 36–39 (discussing factors that this Court considered in imposing Defendant's sentence). It would also create an "unwarranted sentence disparit[y] among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6); *see Kimbrough v. United States*, 552 U.S. 85, 107 (2007) (noting that "uniformity remains an important goal of sentencing"); Transcript of Sentencing at 35 (noting the importance of avoiding "unwarranted sentencing disparities"); D.E. 142 (sentencing Defendant's co-defendant Kay Ellison to 94 months imprisonment for the same crimes).

### **CONCLUSION**

For the foregoing reasons, Defendant's Motion for Compassionate Release is **DENIED**. Should a change in circumstances so require, Defendant may renew her motion. An appropriate order follows.

                                                                                                  /s/ Susan D. Wigenton    
                                                                                       **SUSAN D. WIGENTON, U.S.D.J.**

Orig:   Clerk
cc:     Parties

---

[1] Of note, Defendant discusses various examples of prisoners contracting COVID-19 but does not argue that concern about contracting COVID-19 is a factor in this request. (D.E. 173 at 8–10.) Considering the availability of vaccines, and the fact that, per the medical records submitted, Defendant has not contracted COVID-19, that discussion does not meaningfully contribute to Defendant's argument.